UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER A. PELLETIER,
    Plaintiff,
v.

SWAROVSKI U.S. HOLDING LIMITED,
SWAROVSKI LIGHTING, LTD. and
DANIEL J. COHEN,
    Defendants.

C.A. No. 1:16-cv-109-M-PAS

ORDER

Plaintiff Peter A. Pelletier filed a complaint (ECF No. 1) alleging a host of federal and state employment claims against the Defendants — Swarovski U.S. Holding Limited, Swarovski Lighting, Ltd., and Daniel J. Cohen — regarding his termination as an employee for Swarovski U.S. Holding Limited. The Defendants move for partial dismissal of the Rhode Island statutory claims pursuant to Fed. R. Civ. P. 12(b)(6) and a transfer of venue to New York of the remaining claims pursuant to 28 U.S.C. §1404(a), based on a choice of law and forum selection clause in Mr. Pelletier's employment contract with Swarovski Lighting (ECF No. 9). Mr. Pelletier opposes the motion (ECF No. 10).

Mr. Pelletier, a resident of Massachusetts, was a Global Vice President for Swarovski Lighting, a New York-based company. Swarovski Lighting's parent company is Swarovski U.S. Holding Limited, a Rhode Island-based company. Prior to his hire, Mr. Pelletier signed an employment agreement with Swarovski U.S.

Holding (ECF No. 9-3) that contained a law and forum selection clause. That clause states in relevant part that "[t]his Agreement will be governed by the laws of the state of New York and the parties hereto submit to the exclusive jurisdiction of the New York courts." *Id.* at 10.

Approximately ten months after his hire, Swarovski[1] terminated Mr. Pelletier. Although the parties dispute the cause of the termination — Mr. Pelletier asserts that Swarovski fired him after he refused to engage in gender discrimination, while Swarovski alleges that he was terminated after fellow employees raised issues about his inappropriate conduct — the cause of his termination is not relevant to the issue currently before the Court. Mr. Pelletier filed suit in this Court after Swarovski terminated his employment, alleging a breach of the employment contract, and various claims of discrimination, (age, sex, and retaliation), under federal Title VII and Rhode Island state law.

Defendants move to dismiss Mr. Pelletier's Rhode Island state law claims, asserting that litigating those claims would violate the employment agreement's exclusive New York choice-of-law provision. Defendants also request that this Court then transfer the remaining causes of action to the U.S. District Court for the Northern District of New York,[2] in accordance with the employment agreement's forum election clause.

---

[1] The Court will use the term "Swarovski" when the distinction between the two companies is not relevant.

[2] Swarovski Lighting's headquarters is in Plattsburgh, New York.

2

The Court's analysis appropriately begins with the agreement between the parties, and that agreement's forum selection clause.

Forum selection clauses are considered *prima facie* valid and the "threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009). Mandatory clauses "contain clear language indicating that jurisdiction and venue" are exclusively limited to the contractually selected forum. *Id.* (citation omitted). Here, the clause in the contract states that "the parties hereto submit to the *exclusive* jurisdiction of the New York courts." (ECF No. 9-3 at 10) (emphasis added). The parties' use of the term "exclusive" in this context establishes that the forum selection clause is mandatory. *See Rivera*, 575 F.3d at 17 n.5. Mr. Pelletier's breach of contract claim, which is Count X of his complaint (ECF No. 1 at 14), clearly falls within the scope of the mandatory forum selection clause. Mr. Pelletier concedes this determination. (ECF No. 10 at 13) ("[the] forum provision . . . applies to Mr. Pelletier's breach of contract claim"). Because the forum selection clause is mandatory, Mr. Pelletier must bring at least the breach of contract claim in "the New York courts."

In the face of a forum selection clause and a request to transfer venue pursuant to 28 U.S.C. § 1404(a), "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 574 (2013). The forum selection clause must be "given controlling weight in all

3

but the most exceptional circumstances." *Id.* (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Mr. Pelletier claims that because the remaining nine counts in his complaint are not based on the contract, the Court is faced with just such "most exceptional circumstances," which permit the Court to disregard the forum selection clause governing the contract claim. He wants the entire case kept in Rhode Island. The Court fails to find the circumstances necessary for Mr. Pelletier's argument to prevail.

Mr. Pelletier claims that because his remaining nine counts have an independent basis in law, and are not tied to his contract claim, his choice of forum should control. He cites to two cases for his proposition. First, he asserts that "where a plaintiff's suit is truly broader than the forum selection clause and the structure of the complaint is not an attempt to avoid the forum selection clause, enforcement of the forum selection clause would be unreasonable." *Pegasus Transp., Inc. v. Lynden Air Freight, Inc.*, 152 F.R.D. 574, 577 (N.D. Ill. 1993). *Pegasus* involved a suit seeking recovery of additional tariff fees for contracted shipments between two companies. *Id.* at 575. A valid forum selection clause governed about half the shipments, but the other half pre-dated the existence of the forum clause. *Id.* In other words, the dispute in *Pegasus* arose over two separate contracts arising out of the same facts. The court determined the lawsuit was broader than the forum selection clause, that the opposing party was not trying to

4

circumvent the clause through artful pleading, and therefore enforcement of the clause would be unreasonable. *Id. at 577.*

Mr. Pelletier also cites *Curwood Inc. v. Prodo-Pak Corp.*, involving a sale of packaging machines to the plaintiff that included a valid forum selection clause. No. 07-C-544, 2008 WL 644884, at *1 (E.D. Wis. March 7, 2008). In that case, the defendant breached the contract, and sought to resolve the issue through the unconventional remedy of buying back the machines to re-sell to a third party. *Id.* The re-purchasing contract contained no forum selection clause. The defendant breached the second contract as well, and plaintiff sued for both breaches. As in *Pegasus*, the dispute arose from two separate transactions. The court therefore found the lawsuit was broader than the forum selection clause and set aside the clause. *Id.* at *7.

Mr. Pelletier's case is structurally distinct from those cases because it involves only one contract — the employment contract — which contained a valid mandatory forum selection clause. Importantly, all ten of Mr. Pelletier's claims arose from the same facts and stemmed from his employment, which was the subject matter of the contract. The claims only exist because of his employment with Swarovski. Mr. Pelletier's suit is not broader than the forum selection clause, and therefore the application of the forum selection clause is not unreasonable.

Mr. Pelletier has failed to establish any basis for this Court to find that this case presents exceptional circumstances mandating that it not give the forum selection clause controlling weight. Whether the entire complaint falls under the

forum selection clause or whether just the breach of contract claim does makes no difference, because the same result is required in either case. In the former case, the entire suit is governed by the forum selection clause and should have been brought in New York. In the latter case, the Court is obligated to transfer the contract claim to New York, and would also transfer the remaining claims in the interests of judicial economy. Either way, the parties should litigate this matter in the forum they chose.

Because the Court believes that the New York courts should adjudicate this matter pursuant to the forum selection clause, it does not address the Defendants' motion to dismiss the Rhode Island state law claims pursuant to the choice of law provision, but rather leaves that decision to the transferee court.

The case is transferred pursuant to 28 U.S.C. §1404(a) to the United States District Court for the Northern District of New York.

SO ORDERED

_John McCalfe_
John J. McConnell, Jr.
United States District Judge

August 12, 2016